```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                    Plaintiff,              08-CV-6426T
v.

RICHARD F. ANDERSON, et al.,                DECISION
                                            and ORDER

                    Defendants.
_____
```

INTRODUCTION

Plaintiff the United States of America (the "Government") brings this action pursuant to 26 U.S.C. §§ 7401 and 7403 against defendant Richard F. Anderson ("Anderson" or "defendant") and other defendants seeking to foreclose on defendant's interest in real property in an effort to collect unpaid debts owed by the defendant. The foreclosure action is brought pursuant to a stipulation entered into by the parties in a previous action (U.S. v. Anderson, et al., 06-CV-6076T) in which Anderson consented to a judgment against him in the amount of $111,076.40, and consented to the initiation of foreclosure proceedings against his interest in real property (in the form of his home) owned by he and his wife, Maureen Anderson ("Maureen").

The defendants failed to file a timely answer to the Complaint, and the Government now seeks a default judgment against the defendants, and the appointment of a receiver to conduct a foreclosure sale of the defendants' property. Anderson objects to

the government's proposed remedy on grounds that it was his understanding that the government would not be able to foreclose on the property in its entirety, but instead, could only foreclose on his tenancy interest in the property, thus leaving his wife's interest in the property (and her ability to continue to live in the home) undisturbed. Defendant contends that foreclosure on the home would create an undue hardship for his wife, with whom he has lived in the home for over 40 years.

For the reasons set forth below, I deny the defendant's motion for default judgment.

DISCUSSION

There is no dispute that Anderson consented to a judgment against him in the amount of $111,076.40, and that the parties agreed that the Government would enforce its judgment by foreclosing on Anderson's interest in real property, which consists of his marital home that he owns as a joint tenant by the entirety with his wife Maureen. The parties do disagree, however, on the scope of the government's foreclosure right. Anderson contends that the Government may only foreclose on his tenancy interest in the property, and may not foreclose on the property in its entirety. Although Anderson cites no legal authority in support of this contention, he does claim that it was the parties' understanding that only his interest would be foreclosed upon, and that his wife's interest in the property would remain unaffected.

Anderson insists that he agreed to a judgment against him in the full amount of his delinquency only in exchange for an agreement to foreclose on his tenancy interest in the property and not to foreclose on his wife's interest in the joint property.

The Government, citing <u>United States v. Rogers</u>, 461 U.S. 677 (1982) asserts that pursuant to 26 U.S.C. § 7304, it has the right to foreclose on the property in its entirety, and reimburse 50% of the foreclosure sale proceeds to Maureen Anderson, compensating her for her 50% interest in the property. The Government further contends that because Anderson failed to file a timely answer in this matter, and failed to move to vacate the entry of default entered by the Clerk of the Court, his objections to the Government's motion are untimely and without merit.

While the Government correctly asserts that it retains the authority to foreclose on the defendant's home; to sell the property in fee simple; and to compensate Maureen Anderson for her interest in the property by giving her 50% of the foreclosure sale proceeds, that authority is not without limitation. As stated by the Supreme Court in <u>Rogers</u>, in determining whether or not the government may foreclose on a delinquent tax-payer's property that is jointly owned by a non-liable taxpayer, courts should consider, <u>inter</u> <u>alia</u>: the prejudice to the government that would result if the property could not be sold in its entirety, whether or not the non-liable party had a legally recognized expectation that the

jointly held property could not be subjected to a forced sale, whether the non-liable party would be prejudiced by dislocation costs or under-compensation for the value of the property; and the relative interests of the liable and non-liable parties in the property. Rogers, 461 U.S. at 677.

In the instant case, on this record, the court can not determine whether or not any of Rogers factors would militate against allowing the Government to foreclose on the property in its entirety. Moreover given the preference of federal courts for deciding matters on their merits rather than procedural grounds (see Cody v. Mello, 59 F.3d 13, 15 (2nd Cir. 1995)("This Court has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default"), I find that granting a motion for default judgment which would have the effect of displacing Maureen Anderson from her home of more than 40 years may not serve the interests of justice. While I take no position on whether the Government may ultimately prevail in this matter, I decline at this time to issue an order of foreclosure based on the defendants' default. The defendant Maureen Anderson shall be afforded the opportunity to answer the Complaint.

## CONCLUSION

For the reasons set forth above, I deny plaintiff's motion for default judgment. Defendant Maureen Anderson shall file an answer to the plaintiff's Complaint within 20 days of the date of this

Order. Once the answer has been filed, plaintiff may move for summary judgment seeking an order of foreclosure on or before January 9, 2009.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated: Rochester, New York
December 2, 2009