UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                      Plaintiff,              08-CV-6426-MAT

            v.                                **DECISION
                                              and ORDER**

RICHARD F. ANDERSON, et al.,

                      Defendant.
_____

## INTRODUCTION

The United States brings this action pursuant to 26 U.S.C. §
7401 and § 7403 against Richard and Maureen Anderson and all other
parties having an interest in certain real property which the
government seeks to foreclose pursuant to a judgement lien issued
in accordance with 28 U.S.C. § 3201 and a consent judgment issued
against Richard Anderson in favor of the government in the amount
of $111, 076.40, plus interest, for unpaid taxes and other debts.
See United States v. Anderson, et al., 06-CV-6076T.  Richard
Anderson also consented to the initiation of this foreclosure
proceeding against his interest in the real property at issue,
located at 1112 Five Mile Line Road, Webster, New York in Monroe
County ("the Property"). The Property is jointly owned by Richard
Anderson and his wife, Maureen, as a tenants by the entirety and
both parties currently reside at the Property.

    The United States moves for summary judgment pursuant to Rule
56 of the Federal Rules of Civil Procedure ("Rule 56"). Defendant

Maureen Anderson opposes the government's motion and cross-moves for summary judgment seeking an order directing the government to specifically perform its obligations under the Stipulation entered into between the government and Richard Anderson and for permission to file an amended answer to the Complaint. For the reasons set forth below, both the government's and Maureen Anderson's motions are denied in all respects.

### BACKGROUND

On February 25, 2008, Richard Anderson consented to a judgment against him in favor of the United States for unpaid taxes for the years 1994 and 1996-2001 and for unpaid school loans that he guaranteed for his children. The Stipulation and Order for Judgment ("the Stipulation") states that, "On or before October 1, 2008, plaintiff United States of America will bring a separate action to foreclose its federal tax liens on defendant <u>Richard F. Anderson's interest</u> in real property located at 1112 Five Mile Line Road, Webster, New York 14580..." <u>See</u> <u>United States v. Anderson, et al.</u>, 06-CV-6076T (Docket # 21). The issue in this case is whether a forced sale of the entire property should be ordered, with the government remitting 50% of the proceeds (after costs) to Maureen Anderson, as compensation for her interest in the Property.

Defendants Richard and Maureen Anderson acquired title to the Property on September 23, 1968 as tenants by the entirety. (Docket # 1). The Anderson's have resided at the Property for 42 years and

have filed separate income tax returns for the last twenty years. (Docket #34). Maureen Anderson has a Masters Degree in Social Work and worked full time as a social worker from 1984 through 2009, when she began to work part-time. Id. Maureen Anderson does not have any outstanding tax liability. Id. While Richard Anderson has paid some expenses on the property in the past, Maureen Anderson states that she has principally maintained their home and paid expenses on the Property, including property taxes, utilities and insurance, for the past several years. (Docket #32, 34). Maureen Anderson is currently 70 years old and is in relatively good health. (Docket # 34).

Defendant, Richard Anderson, claims that he entered into the Stipulation with the understanding that his wife's interest in the Property would be undisturbed, and that she would be able to purchase his share of their home from the government following foreclosure on his interest in the Property. (Docket #35). He contends that he would not have consented to the judgment if he knew that the government would seek to sell the entire property. Id. The government contends that they did not make any representations to Richard Anderson, or his attorney, Alfred J. Heilman, regarding its ability to seek a forced sale of the whole property to satisfy the judgment against Mr. Anderson, and that his ignorance of the law is of no consequence. (Docket #28). Maureen

Anderson was not a party to the first action in which the Stipulation was entered.

**DISCUSSION**

Summary Judgement is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party believes demonstrate the absence of a genuine issue of material fact as to a dispositive issue. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The court must draw all factual inferences in favor of the party against whom summary judgment is sought and view the factual assertions in materials such as affidavits, exhibits, and depositions in the light most favorable to the non-moving party. See Id. at 322; Anderson, 477 U.S. at 255.

## I.    The Government's Motion

The Supreme Court has held that, pursuant to 26 U.S.C. § 7403 (§7403), a district court may order the forced sale of residential property owned as a tenancy by the entirety if the non-delinquent spouse is compensated for his or her interest in the property. United States v. Rodgers, 461 U.S. 677, 680 (1983). The power to

order a forced sale is, however, subject to the district court's limited equitable discretion. Id. While the policy behind §7403 favors the "prompt and certain collection of delinquent taxes," the Court recognized that third parties may be unduly harmed by the application of §7403 and that "financial compensation may not always be a completely adequate substitute for a roof over one's head." Id. at 704 (citing United States v. 564.54 Acres of Land, 441 U.S. 506, 510-513 (1979).

The Supreme Court held that courts should consider, *inter alia*: (1) the likely financial prejudice to the government if it were unable to sell the entire the property to satisfy the judgment; (2) whether the non-liable spouse would normally (without regard to §7403 or other eminent domain proceedings) have a legally recognized expectation that his or her interest would be protected against a forced sale; (3) the likely prejudice to the non-liable spouse; and (4) the relative character and value of the non-liable and liable interests in the property. Rogers 461 U.S. at 710-711. The Court also stated that this is not a "mechanical checklist to the exclusion of common sense and consideration of special circumstances," but it emphasized that the court's discretion was limited and should be used sparingly. Id. at 711. This Court has previously recognized that the government's paramount interest in the prompt collection of unpaid taxes "does [not] exempt the Government from the demands placed on a party moving for summary

judgment." <u>U.S. v. Digiulio</u> 1997 WL 834820, *16 (W.D.N.Y.). Should the Government fail to meet its burden to permit this Court to properly exercise its limited equitable discretion, a motion for summary judgment must be denied. <u>Id.</u>

A. Financial Prejudice to the Government

Courts have held, and common sense dictates, that the sale of a partial interest in property, particularly where the remaining interest is held by someone who resides at the property, will generally yield less than if entire property is sold. <u>Id.</u> at 694. However, the inquiry does not end there. <u>See</u> <u>Id.</u> at 710; <u>Digiulio</u>, 1997 WL 834820 at *15 (holding, on a motion for summary judgment, that the court could not properly weigh this factor where the government did not provide specific information regarding the actual financial prejudice it would suffer). The government conclusively argues that there is no question that this factor weighs in its favor because the sale of the Richard Anderson's partial interest in the Property would yield less than the sale of the entire property. However, this Court finds that the extent of the financial prejudice to the government, and thus the weight of this factor, is unclear.

The government is currently withholding the maximum amount from Richard Anderson's social security benefits ($1.306.80 per month in 2008 and 2009). The government claims that it is unlikely that this withholding would be sufficient to satisfy the judgment,

particularly because the payments would cease if Richard Anderson dies. The government argues that the only way to ensure payment is through a forced sale of the Property.

The Property is estimated to be worth between $125,000 and $130,000 (the Andersons claim that it is worth $127,100), and would likely be sold at a discount at auction. The government has not provided any information regarding the estimated proceeds or costs of the foreclosure sale based on similar properties. The proceeds and expenses of the sale, as well as the amount of compensation to Maureen Anderson for her interest (See infra Part C-D), need to be taken into account before determining the financial prejudice to the government. Maureen Anderson has offered the government $15,000 to purchase her husband's interest in the property. While $15,000 may be less than the government could obtain in a forced sale (or even a partial sale of the property), the offer serves to lessen the financial prejudice to the government. This Court finds that this factor cannot be appropriately weighed, because evidence of the extent of the prejudice to the government is lacking.

B. Tenancy by the Entirety under New York Law

The second Rodgers factor requires the Court to consider whether the non-liable spouse had a legally recognized expectation that the property would not be subject to a forced sale. This factor necessitates an inquiry into the nature of the property

interest under state law. See Rodgers, 461 U.S. at 683; See also U.S. v. National Bank of Commerce, 472 U.S. 713, 722 (1985). Under New York law, a federal tax lien may attach to property held in a tenancy by the entirety, and this attachment has been held to negate the expectation that such property would not be subject to a forced sale. See U.S. v. Goldstein, 2005 WL 323740 *5 (S.D.N.Y.) (citing Rothschild v. Lincoln Rochester Trust Co., 212 F.2d 584, 585 (2d Cir. 1954)); See also Digiulio, 1997 WL 834820 at *16 (finding that under New York law a non-liable spouse did not have a legally recognized expectation that the property would not be subject to a forced sale)(citing Persky v Community Nat'l Bank & Trust Co. Of N.Y., 893 F.2d 15, 19 (2d Cir. 1989) ("it seems plain that the interest of a tenant by the entirety is not exempt from sale and enforcement by execution")). Accordingly, this Court finds that this factor weighs in favor of the government.

C. Prejudice to Maureen Anderson

The third Rodgers factor requires that the Court evaluate the prejudice to the non-liable spouse in terms of personal dislocation and practical undercompensation. Rodgers 461 U.S. at 711. The Supreme Court specifically directed district courts to consider the likely prejudice to innocent third parties who reside in the property at issue. Id. at 705. Other considerations may include, *inter alia*: "actuarial calculations of the life expectancies of the spouses, respective contributions to the purchase price of the

Page -8-

home, tax exemptions available on the property, prospects for acquiring a new home, special physical or mental handicaps, and minor children living at home." Persky 893 F.2d at 21.

Maureen Anderson is 70 years old and in good health.  She has lived at the Property for over 40 years and has paid for the majority of the costs associated with the Property for the last several years.  She has worked as a social worker for the past 16 years and recently began working part-time. She now has limited income and has approximately $107,000 in savings and retirement accounts.  She is currently receiving social security and hopes to retire soon. The government asserts that any prejudice to Maureen Anderson is outweighed by the government's paramount interest in collecting taxes.  The government further asserts that many elderly individuals relocate for financial reasons and that the emotional costs to Maureen Anderson should not be considered.  This Court disagrees.  The fact that many individuals are required to relocate does not militate against the fact that such a relocation would prejudice Maureen Anderson. The government's interest in promptly collecting taxes does not automatically outweigh any prejudice that Maureen Anderson may suffer through such a relocation.  If her home is subject to a forced sale, it is likely that Maureen Anderson will not be able to find comparable housing with the compensation she receives for her interest in the Property and her limited savings.  Further, the Supreme Court specifically directed district

courts to consider other factors, and the emotional costs to a 70 year old woman who has lived and raised a family in the subject property may be high.  The Court is obligated to consider this fact and all other circumstances in exercising its limited equitable discretion under §7403.

The government also has not provided any specific information with respect to the likelihood that Maureen Anderson will be undercompensated for her interest.  The government asserts that if a receiver is appointed to sell the Property, rather than it being sold at auction, the sale price will likely be higher. However, the record does not contain any information regarding the expected sales price of the property should a receiver be appointed or the expected costs of the sale. This Court notes that while appointing a receiver may lead to a higher sales price, this does not mean that the Property will yield proceeds equivalent to its value, particularly due to current economic realities and the condition of the real estate market.

This Court finds that this factor weighs in favor of Maureen Anderson.  The extent of the prejudice to Maureen Anderson is, however, unclear, as the record lacks sufficient evidence with respect to her relative undercompensation.

D. The Relative Value of the Liable and Non-Liable Interests

The government has also not provided any information on the relative value of Maureen Anderson's interest compared to that of

her husband.  The government cites authority from other Circuits to support its conclusions that each tenant by the entirety retains a 50% interest in the property. See Government's Response at 5 (Docket #42).  This Court does not agree.

In Rogers the Supreme Court laid out an example of the "practical consequences" of its decision with respect to the compensation of a non-liable spouse.  The Court stated that a hypothetical, non-delinquent spouse aged 70, having a protected half-interest in the underlying ownership rights to the property, may be entitled to approximately 82% of the proceeds using a standard actuarial table and an 8% discount rate. See Rogers 461 U.S. at 698.  Similarly, in another statutory context, the Second Circuit stated that "in weighing detriment to the non-debtor spouses a number of variables must be considered when valuing their survivorship interests as well as there present possessory interests:  for example, actuarial calculations of the life expectancies of the spouses..." Persky, 893 F.2d at 21; see also In re Levenhar, 30 B.R. 976, 979-81 (E.D.N.Y. 1983)(holding that it is a "mistaken premise" that a non-delinquent spouse is entitled to only 50% of the proceeds of the sale of jointly held property and that a right of survivorship would likely increase her interest beyond the percentages laid out in Rogers). Therefore, this Court does not find that Maureen Anderson is automatically entitled to only 50% of the proceeds.  As the record

does not contain evidence for this court to determine the value of the relative interests in the property, this Court cannot fairly weigh this factor. Likewise, the relative value of the interests will also affect the prejudice to the government and to Maureen Anderson.

This Court finds that the government has not met its burden to allow this Court to properly exercise its limited equitable discretion. Accordingly, the government's motion for summary judgment is denied.

## II. **Maureen Anderson's Motion**

### A. The Stipulation

Maureen Anderson moves for summary judgment seeking an order directing the government to specifically perform the terms of the Stipulation, which provides that "[o]n or before October 1, 2008, plaintiff United States of America will bring a separate action to foreclose its federal tax liens on defendant Richard F. Anderson's interest in real property located as 1112 Five Mile Line Road, Webster, New York 14580..." See United States v. Anderson, et al., 06-CV-6076T (Docket # 21). Maureen Anderson's interpretation of the Stipulation is that the government intended to foreclose only on Richard Anderson's interest in the property. She argues that any ambiguity in the Stipulation should be read against the drafter, the United States. The government argues that the Stipulation is not ambiguous and that the defendants' mistaken

belief that the government's right to foreclose on Richard Anderson's interest in the property protected Maureen Anderson's interest from a forced sale is not an excuse. This Court agrees. Richard Anderson, an attorney himself, was represented by Counsel and freely entered into the Stipulation. The fact that he did not understand the consequences of the government's right to foreclose on his interest (i.e. the right to seek a forced sale of the entire property) does not negate the fact that he consented to the judgment being entered against him. See Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) ("An attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from judgment.")(citing U.S. v. O'Neil, 709 F.2d 361 (5th Cir. 1983) (holding that ignorance or the rules or law or careless failure to evaluate the consequences of a course of action are not enough to overturn a judgment).

Further, this Court does not find that the Stipulation is ambiguous. It provides that the government would bring an action to foreclose on Richard Anderson's interest in the Property. In Rodgers the Supreme Court specifically held that "the right to collect and the right to seek a forced sale are two quite different things." Rogers 461 U.S. at 690. Thus, the fact that the government cannot foreclose on Maureen Anderson's interest in the property to collect tax owed by her husband, does not mean that the government cannot seek a forced sale of the Property and

compensate her for her interest therein.  Accordingly, Maureen Anderson's motion seeking an order to direct the government to specifically perform its obligations as she alleges under the Stipulation is denied.

### B. Motion to Amend

Maureen Anderson also seeks permission to amend her answer to the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure ("Rule 15").  Rule 15 provides that a court may grant leave to amend a pleading and such leave "shall be freely given when justice so requires."  Fed. R. Civ. Proc. 15.  The Supreme Court has held that "mere technicalities" should not prohibit a court from allowing a party to amend a pleading so that a claim can be decided on its merits.  Forman v. Davis, 371 U.S. 178 (1962).  Rather, absent evidence of undue delay, bad faith, undue prejudice, dilatory motive or futility, a party should be granted the opportunity to correct any deficiencies in the pleading.  Id. at 182.  Maureen Anderson argues that she should be granted leave to amend her answer to add a counterclaim because there is no surprise to the government.  This Court notes that Maureen Anderson initially filed a late answer to the complaint, which prompted the government to file a motion for default.  While that motion was not granted, Maureen Anderson's delay is not inconsequential.  Further, it would be futile to allow her to amend her answer to assert the counterclaim, which is based on her

reliance on Richard Anderson's assertions that the Stipulation would not have any affect on her ability to continue to reside at the Property. This Court has already determined that this assumption was incorrect and defendants' and their attorney's mistaken belief about the consequences of the Stipulation do not give rise to a valid legal claim. Accordingly, Maureen Anderson's motion to amend her answer is denied.

## **CONCLUSION**

For the reasons set forth above, the government's motion for summary judgment is denied. Additionally, Maureen Anderson's motions for summary judgment and to amend her answer to the complaint are also denied.


ALL OF THE ABOVE IS SO ORDERED.


                      s/ Michael A. Telesca
                       MICHAEL A. TELESCA
              United States District Judge

Dated:    Rochester, New York
          December 10, 2010